THE J. H. ALBERS CO., APPELLEE, *v.* FLORER ET AL., APPELLEES; ET AL., APPELLANT.

THE J. H. ALBERS CO., APPELLANT, *v.* FLORER ET AL., APPELLEES.

(Nos. 9608 and 9610—Decided February 23, 1965.)

*Messrs. Nichols, Wood, Marx & Ginter,* for The J. H. Albers Company.

*Mr. Donald H. Swain,* for Thornton B. Florer.

*Messrs. Rendigs, Fry, Kiely & Dennis,* for The American Insurance Company.

*Messrs. McIntosh & McIntosh,* for The American Casualty Company of Reading, Pennsylvania.

*Per Curiam.* The above cases were consolidated and are presented to this court on appeals on questions of law from the Cincinnati Municipal Court.

Briefly stated, the facts are that on September 28, 1960, plaintiff, The J. H. Albers Company, signed and delivered to defendant Florer, a real estate broker, an offer to buy real estate. The offer was to remain open for acceptance until January 15, 1962. Accompanying the offer, plaintiff gave the broker a certified check in the amount of $2,500, payable to the broker, as a deposit. The offer contained this language: "Said deposit shall be held by real estate broker as trustee for the seller and purchaser, pending the delivery of title and settlement of the transaction. *Said deposit shall be promptly returned to purchaser in the event seller does not accept this offer in accordance with its terms.*" (Emphasis supplied.) The offer was never accepted and demand was made on Florer for the return of the $2,500, but it was never repaid.

During the year 1960, when Florer entered into the contract with plaintiff, the defendant, The American *Insurance* Company was surety on Florer's statutory bond.

During the year 1962, when the $2,500 was to be repaid,

the other defendant, The American *Casualty* Company, was surety on Florer's statutory bond. The court below awarded judgment against The American Casualty Company alone, and denied the payment of interest to plaintiff which it claimed from the time it was entitled to the return of its $2,500 on January 15, 1962.

It is the opinion of this court that the judgment of the lower court must be modified. The American Insurance Company takes the position that inasmuch as it was not on Florer's bond when the money was to be repaid, it is not liable. With this view we do not agree. In 1960, when The American Insurance Company bonded Florer, it agreed to insure any obligations of his incurred during that year. One of these was the obligation of Florer to repay plaintiff his $2,500, if the real estate deal did not materialize. Does the fact that the time for repayment of this money did not occur until after the expiration of the bond year of 1960 wipe out the obligation of The American Insurance Company? We do not think so. The *obligation* to repay occurred during 1960; the time for repayment is immaterial.

Coming now to the obligation of The American Casualty Company, it bonded Florer for the year 1962. At the time it undertook its bond, it could have provided in its contract that it would not be liable for any obligations existing against Florer at the time of the execution of its bond. It did not take this precaution. Its bond was the usual statutory bond covering all obligations of nonperformance on the part of Florer during the year 1962.

One of the obligations of Florer, during the year 1962, was that on January 15, he was to repay $2,500 to plaintiff. He failed and, therefore, under the clear language of the bond, The American Casualty Company must pay.

In considering the payment of interest, we call attention to the fact that we are not here confronted with a situation of unliquidated damages. If we had such a case, then interest from the date of the judgment would be appropriate, but it is admitted by all parties that plaintiff was entitled to a fixed

liquidated sum of $2,500 on January 15, 1962. This being so, and not having been paid, plaintiff is entitled to interest from that date. Of course, plaintiff cannot recover $2,500 from each of the surety companies and, for that reason, the judgment of this court is that both The American Insurance Company and The American Casualty Company are jointly liable for the payment of the $2,500; therefore, each must contribute an equal share thereof to plaintiff, with interest thereon at six per cent per annum from January 15, 1962.

The judgment of the court below is modified according to this opinion.

*Judgment modified and, as modified, affirmed.*

HOVER, P. J., HILDEBRANT and LONG, JJ., concur.